UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED F. ORELLANA, | No. 2:14-cv-0459 CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. IRIZARY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to have all matters in this action before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).  By order filed February 25, 2014, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
11 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
14 at 1949. When considering whether a complaint states a claim upon which relief can be granted,
15 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
16 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17 U.S. 232, 236 (1974).

18 Plaintiff's claim concerning defendant Irizary in his amended complaint is not appreciably
19 different from the claim presented in the original. Plaintiff still claims defendant Irizary subjected
20 him to cruel and unusual punishment in violation of the Eighth Amendment by closing an "air
21 door"[1] without warning which resulted in an injury to plaintiff's hand. Plaintiff still fails to state
22 a claim under the Eighth Amendment because he fails to provide facts suggesting that defendant
23 Irizary was anything more than negligent when he closed the door. For example, there is no
24 allegation that defendant saw plaintiff's hand in the path of the door when he closed it or that he
25 had any other reason to believe plaintiff's hand was there.
26 /////

---

[1] It is not entirely clear what plaintiff means by "air door," but the court assumes plaintiff means a door closed remotely at the same time as other doors by means of hydraulics or electricity.

1    The rest of plaintiff's claims are vague.  Plaintiff now complains about the medical care
2 he received after his injury, but fails to provide enough facts to demonstrate that any particular
3 person was, at minimum, deliberately indifferent to a serious medical need.[2]  See Jett v. Penner,
4 439 F.3d 1091, 1096 (9th Cir. 2006).
5    In light of the above, plaintiff's amended complaint will be dismissed.  However, the court
6 will grant plaintiff one more opportunity to state a claim upon which relief can be granted in a
7 second amended complaint.
8    If plaintiff elects to file a second amended complaint, he is reminded that the court cannot
9 refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local
10 Rule 220 requires that an amended complaint be complete in itself without reference to any prior
11 pleading.  This is because, as a general rule, an amended complaint supersedes the original
12 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second
13 amended complaint, the original pleading no longer serves any function in the case.  Therefore, in
14 a second amended complaint, as in an original complaint, each claim and the involvement of each
15 defendant must be sufficiently alleged.
16    In accordance with the above, IT IS HEREBY ORDERED that:
17    1.  Plaintiff's amended complaint is dismissed; and
18    2.  Plaintiff is granted thirty days from the date of service of this order to file a second
19 amended complaint that complies with the requirements of this order, the Civil Rights Act, the
20 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
21 must bear the docket number assigned this case and must be labeled "Second Amended
22 /////
23 /////
24 /////
25 /////
26 /////
27
28 [2]  It is not even clear if plaintiff intends to identify a defendant other than defendant Irizary.

3

Complaint"; failure to file a second amended complaint in accordance with this order will result in a dismissal of this action.

Dated: March 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
orel0459.14